## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v )<br>)<br>MICHAEL LEWIS, )<br>)<br>              Defendant.      ) | MAGISTRATE NO. 2019/49 |

### MOTION TO DETAIN DEFENDANT PENDING TRIAL

COMES NOW the United States of America (the Government), through its undersigned counsel, and hereby moves this Court to detain Defendant pending the trial of this matter. The Government submits that there is no condition or combination of conditions that will reasonably assure Defendant's appearance as required. This motion is based upon the affidavit filed in support of the complaint in this matter, Exhibits 1 and 2 submitted at the August 29, 2019 detention hearing, and the advice of rights proceedings held on August 29, 2019 in this matter and the following.

### FACTUAL BACKGROUND

On Saturday August 25, 2019 Krzysztof Stuglik entered the Virgin Islands Police Department Chapman substation seeking assistance with 22 year old defendant Michael Lewis of Dominica whom he claimed was holding him against his will on St. Croix. Stuglik stated that at about 4:00 a.m. on August 22, 2019 he was in Dominica repairing a sail boat for a friend. He completed the repairs and took the boat out at sea for a test run with some 15 people whose names were unknown. While at sea, one of the passengers ordered him to drop 11

people off to St. Martin which he did. Stuglik then set sail, no questions asked, to St. Thomas and dropped off 3 more passengers. Upon his returning to Dominica, the last passenger, defendant Lewis, ordered him to go to St. Croix. Due to fear of physical assault, he sailed to St. Croix. Both Stuglik and Lewis were on the Ann Abramson Marine Facility for several days hiding from the police. They bought food from nearby restaurants with monies they obtained from passengers. Police officer Mitchel Guzman observed Lewis running behind Fort Frederik museum at about 6:19 p.m. to evade police contact. He was later apprehended. Lewis told the police that Stuglik wanted him to come to the Virgin Islands and Lewis wanted to go back home to Dominica. Officers observed a white sail boat anchored to northern area of the Ann Abramson Marine Facility. Both Stuglik and Lewis were transported to Customs and Border Protection.

During an interview on August 25, 2019, officers of Homeland Security learned that Stuglik was a citizen of Poland. He told them that he and Lewis departed Dominica on a sailing vessel earlier in the month with 11 unknown Haitians on board. They intended to take the Haitians to St. Maarten and did so illegally. Once in St. Maarten, 3 other persons were brought aboard. Lewis and he intended to take them to Tortola. One of the 3 passengers stated they would later obtain transport to St. Thomas, V.I. They sailed to Tortola, dropped off the 3 passengers and headed for St. Maarten. While enroute to St. Maarten, they decided to make land fall and wait out the storm due to high winds and low fuel.

They saw lights, directed the boat towards them, landed on St. Croix five days before the interview and decided to wait out Hurricane Dorian.

Defendant Lewis, a citizen of Domininca, was also interviewed by Homeland Security officers. He explained that Stuglik and he transported 11 Haitians from Dominica to St. Maarten illegally. Three other persons were brought on board and taken to Tortola illegally. Both Stuglik and Lewis each was paid $1,000 for the venture and were given an extra $500 for food and gasoline. They were to be paid another $2,500 after the final trip to Tortola. While enroute to St. Marteen they decided to make land fall due to weather conditions and low fuel. They saw lights, followed and ended up on St. Croix four to five days before the interview and decided to wait out Hurricane Dorian. Based on information from the Virgin Islands Territorial Emergency Management Agency, there was no inclement weather on or around the day of Stuglik and Lewis' entry onto St. Croix.

ELIGIBILITY FOR DETENTION

This case is eligible for detention pursuant to 18 U.S.C. §3142(f)(2)(A) since it involves a serious risk that Defendant will flee to avoid prosecution. See United States v. Himler, 797 F.2d 156, 160 - 161 (3d Cir. 1986) (stating a defendant may be detained pretrial based on a showing, by a preponderance of the evidence, of flight risk.). The showing of such a serious risk is enough to trigger a detention hearing. United States v. Gerkin, 570 F. App'x 819, 821 (10th

Cir. 2014); United States v. Plata Hernandez, 766 F. App'x 651, 656 (10th Cir. 2019). This Court may then detain defendant if after a hearing and consideration of the appropriate factors it determines no conditions of release would assure Defendant's appearance as required. 18 U.S.C. § 3142(e)(1).

NATURE AND CIRCUMSTANCES OF OFFENSE

The nature of the offenses charged is serious as defendant an alien illegally entered the United States Virgin Islands under highly suspicious conditions. Defendant and Stuglik admitted to bringing aliens to St. Martin and Tortola. Stuglik also told VIPD officers that they brought illegals to St. Thomas. If so, both committed the act of alien smuggling, a far more serious offense.

The circumstances of commission of the offenses show that Defendant and Stuglik appear to be in the business of alien smuggling. Their stories of how they ended up in St. Croix is incredible under the circumstances especially in light of VITEMA's information regarding the absence of inclement weather.

WEIGHT OF EVIDENCE

The weight of the evidence is strong. From Defendant and Stuglik's statements, this Court can easily conclude that Lewis, with Stuglik's assistance, entered St. Croix Virgin Islands illegally. Stuglik gave conflicting statements to law enforcement. His claim that he was kidnapped and held hostage on St. Croix is simply unbelievable.

HISTORY AND CHARACTERISTICS

Defendant is a citizen of Dominica and has no ties to St. Croix.

RISK OF FLIGHT

The facts herein establish probable cause that Defendant has no ties to the Virgin Islands. In light of all that has transpired it is obvious to him that law enforcement is currently investigating his possible involvement in an alien smuggling venture. That offense carries serious penalties beyond the instant charge. Under the circumstances Defendant has no incentive to remain in the Virgin Islands and thus poses a serious risk of flight to avoid prosecution.

For these reasons the Government respectfully submits that no condition or combination of conditions can reasonably assure Defendant's appearance as required by this Court. Accordingly, justice demands that Defendant be detained pending his trial in this matter.

DATED: August 29, 2019         GRETCHEN C.F. SHAPPERT
United States Attorney

BY: /s/ Alphonso G. Andrews, Jr.
Alphonso G. Andrews, Jr.
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 29th day of August 2019 I electronically filed the foregoing Govt's Motion for Detention with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing (NEF) to the defense counsel on record, that is, Anthony Kiture, 1009 North Street, St. Croix,

V.I. 00820.

/s/ Alphonso G. Andrews

_____
Alphonso G. Andrews, Jr
Assistant U.S. Attorney
U.S. Attorney's Office
1108 King Street, Suite 201
Christiansted, USVI 00820
Telephone: 340-773-3920
Fax: 340-773-1407